UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Brandon Marcus and
Soveira Marcus

   v.                                         Case No. 21-cv-493-LM

Absolute Affordable Housing, LLC,
Qiayra Randolph, Selena Randolph, et al

### REPORT AND RECOMMENDATION

The defendants,[1] proceeding pro se and in forma pauperis, removed this eviction proceeding from the New Hampshire Circuit Court, 7th Circuit, District Division, Rochester ("Rochester District Court"), asserting federal question and diversity jurisdiction. See Notice of Removal (Doc. No. 1) ("Notice") ¶ 3; 28 U.S.C. § 1441. Before the court for preliminary review is the defendant's Notice of Removal. See LR4.3(d)(2); 28 U.S.C. § 1447(c).

### Subject Matter Jurisdiction

A removed case must be remanded to state court if, at any time, it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). As relevant here, subject

---

[1] The defendants are: Absolute Affordable Housing, LC, Selena S. Randolph, Qiayra M. Randolph, Danny Rivera, Harvey R. Keene, Dakota Taylor, Ivanovich Manana Guzman, and "All Other Occupants," a moniker used by Xzavier R. Fleming, who signed the Notice of Removal. See Notice (Doc. No. 1) at 20 (signature page), 26 (list of defendants).

matter jurisdiction can arise in two ways. Federal courts have federal question jurisdiction when an action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts have diversity jurisdiction under 28 U.S.C. § 1332(a) when the parties are citizens of different states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." § 1332(a). In the context of disputes over removal jurisdiction, it is the removing defendant's burden to show that removal was proper. See Fayard v. Northeast Vehicle Servs., LLC, 533 F.3d 42, 48 (1st Cir. 2008); see also Acosta—Ramirez v. Banco Popular de P.R., 712 F.3d 14, 20 (1st Cir. 2013). "Furthermore, the removal statute should be strictly construed, and any doubts about the propriety of removal should be resolved against the removal of an action." Int'l Union of Operating Eng'rs, Local No. 68 Welfare Fund v. AstraZeneca PLC (In re Pharm. Indus. Average Wholesale Price Litig.), 431 F.Supp.2d 109, 116 (D. Mass. 2006).

## Discussion

Although their Notice is often difficult to follow, the defendants plainly assert that "there are existing federal questions and inherent diversity between the parties." Notice (Doc. No. 1) ¶ 3. The court therefore addresses both potential avenues of subject matter jurisdiction.

2

A.  Diversity Jurisdiction

Federal courts have diversity jurisdiction when the amount in controversy exceeds $75,000 and the action is between "citizens of different states." 28 U.S.C. § 1332(a). In a case with multiple defendants, the presence in the action of a single defendant that is a citizen of the same state as the plaintiff deprives the district court of diversity jurisdiction over the entire action.  See Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 21 (1st Cir. 2008).

Here, based on the Landlord and Tenant Writ that the defendants appended to their Notice (Doc. No. 1) at 23, it appears that all parties are New Hampshire citizens. As the defendants do not meaningfully address the citizenship question, the court finds that the defendants have failed to demonstrate the existence of diversity jurisdiction.

B.  Federal Question Jurisdiction

The defendants tacitly acknowledge that the state eviction proceeding is based on state law. As best as the court can determine from the convoluted Notice, the defendants claim that they have several defenses to eviction that implicate federal statutory or constitutional law. See, e.g., Notice (Doc. No. 1) at 2 (citing federal lending and housing agencies and statutes

3

applicable to mortgages); id. at 7 (referring to landlord-tenant proceedings as violative of substantive due process).

Under the well-pleaded complaint rule, however, the "'plaintiff is master of his complaint,'" and "'a case cannot be removed if the complaint's allegations are premised only on local law.'" López-Muñoz v. Triple-S Salud, Inc., 754 F.3d 1, 4 (1st Cir. 2014) (citation omitted); see also Vaden v. Discover Bank, 556 U.S. 49, 54 (2009) (federal court jurisdiction "cannot be invoked on the basis of a defense or counterclaim"); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392-93 (1987) (case cannot be removed to federal court on basis of federal defense).

This case, filed initially in Rochester District Court, is an eviction proceeding, arising under New Hampshire law. There is no federal claim in the landlord-tenant action that could provide grounds for exercising federal question jurisdiction over this matter. See Fed. Nat'l Mortg. Ass'n v. Tompson, No. 17-cv-699-SM, 2018 WL 2426638, at *3 (D.N.H. May 21, 2018). Nor has defendant sufficiently explained why resolution of plaintiff's landlord-tenant claim would require the court to address an "embedded question of federal law that is both substantial and disputed." R.I. Fishermen's All., Inc. v. R.I. Dep't Of Envtl. Mgmt., 585 F.3d 42, 48 (1st Cir. 2009). Accordingly, the court finds that the defendants have failed to establish federal question jurisdiction.

4

## **Conclusion**

For the foregoing reasons, the district judge should remand this action to the state court for lack of jurisdiction, and deny as moot plaintiffs' motion to remand (Doc. No. 3) and defendants' demand for jury trial (Doc. No. 5). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 29, 2021

cc: All parties and counsel of record